DORIS WISEMAN v. LENORA WISEMAN, IN THE MATTER OF THE ESTATE OF WALTER LEE WISEMAN

No. 8312SC31

(Filed 1 May 1984)

1. Appeal and Error § 24— failure to follow appellate rules—appeal subject to dismissal

Where petitioner violated App. R. 9(b)(1)(xi) and App. R. 10 by failing to set out any exceptions immediately following the record of the judicial action to which they are addressed and by failing to list all the objections or exceptions upon which the assignments of error set out at the conclusion of the record were based, where petitioner violated App. R. 10(b)(2) by failing to identify the specific portion of the jury instruction questioned in this appeal by setting it within brackets or by any other clear means of reference, where petitioner's brief failed to make reference to the numbered assignments of error and exceptions pertinent to the separate questions and arguments presented in the body of the brief in violation of App. R. 28(b)(5), and where there were no numbered exceptions anywhere in the body of the record, petitioner's appeal was subject to dismissal for failure to follow the mandatory Rules of Appellate Procedure.

2. Rules of Civil Procedure § 50— failure to preserve the right to move for a judgment n.o.v.

Petitioner's failure to move for a directed verdict at the close of her own evidence or at the close of all the evidence justified the trial court's denial of her motion for judgment n.o.v. G.S. 1A-1, Rule 50(b).

3. Marriage § 6— presumption applicable to multiple marriages

In an action to revoke the Letters of Administration issued to respondent and to have Letters of Administration issued to petitioner, where petitioner challenged the subsequent marriage of the deceased to respondent, the trial court properly instructed the jury that a second or subsequent marriage is presumed valid.

APPEAL by plaintiff from McLelland (D. Marsh), Judge. Judgment entered 26 October 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 1 December 1983.

This is an action to revoke the Letters of Administration issued to respondent, Lenora Wiseman and to have Letters of Administration issued to petitioner, Doris Wiseman, on the grounds that petitioner is the lawful surviving wife of the decedent, Walter Lee Wiseman. The facts are uncomplicated; Walter Wiseman died on 5 February 1982 leaving a modest estate. Lenora Wiseman qualified as his Administratrix by virtue of her then being his wife and commenced to administer his estate. Thereafter, Doris Wiseman intervened in the administration of the estate, claiming that she was the lawful widow of Walter Wiseman and entitled to be his Administratrix and heir by virtue of her having married Walter in 1952.

At trial before a judge and jury, Doris Wiseman offered (1) evidence of her marriage to Walter in 1952 and (2) evidence to the effect that she had not filed for a divorce thereafter and that no divorce documents were ever served upon her. Doris offered further evidence that she maintained contact with Walter Wiseman from the time of her marriage until the spring of 1981, during which time she engaged in marital relations with him at irregular intervals. She also cared for him for a time until a few months before his death. Doris Wiseman was also aware that Walter lived with other women.

Lenora Wiseman offered evidence that she married Walter Wiseman in 1969 and that she lived with him until his death. In addition, Lenora worked with Walter in their business as funeral directors and they acquired property jointly, filed joint income tax returns as husband and wife and Lenora was named the beneficiary of insurance policies as the wife of Walter Wiseman. Lenora offered further evidence that she had never heard of Doris Wiseman until after the death of Walter Wiseman.

 After the evidence was presented, Doris Wiseman requested certain instructions on the law regarding the validity of a subsequent marriage and the relevance of Lenora Wiseman's lack of knowledge of Walter's prior marriage to Doris. The requested charge, as it appears in the record, failed to mention the presumption of validity which arises upon proof of a second or subsequent marriage. The trial court apparently denied petitioner's requested charge and instructed the jury, inter alia, "that when a party to a marriage is shown to have married a second time while the first

marriage partner is yet living, a presumption arises that the first marriage was dissolved by divorce and that the second marriage is valid."

The appropriate issues were submitted to the jury and the issues and answers thereto are as follows:

1. Were Walter Lee Wiseman and Doris Wiseman married to each other on 24 February 1952?

ANSWER: Yes.

2. If so, was that marriage undissolved and subsisting at the time of the death of Walter Lee Wiseman on February 5, 1982?

ANSWER: No.

Thereafter, judgment in favor of Lenora Wiseman was entered on the jury's verdict, petitioner's motion for judgment n.o.v. was denied, and petitioner, Doris Wiseman, appeals.

*Ronald Williams, P.A., for petitioner appellant.*

*Mitchel E. Gadsden and N. H. Person, for respondent appellee.*

JOHNSON, Judge.

[1] The precise nature of the questions presented by petitioner Doris Wiseman's appeal is rendered uncertain by virtue of the fact that petitioner has failed to comply with the Rules of Appellate Procedure in preparing the record on appeal and the brief supporting her position on the questions presented. Petitioner has violated App. R. 9(b)(1)(xi) and App. R. 10 by failing to set out any exceptions immediately following the record of the judicial action to which they are addressed and by failing to list all the objections or exceptions upon which the assignments of error set out at the conclusion of the record are based. In addition, petitioner has violated App. R. 10(b)(2) by failing to identify the specific portion of the jury instruction questioned in this appeal by setting it within brackets or by any other clear means of reference. Finally, petitioner's brief fails to make reference to the numbered assignments of error and exceptions pertinent to the separate questions and arguments presented in the body of the brief in

violation of App. R. 28(b)(5). Furthermore, no numbered exceptions appear anywhere in the body of this record.

The Rules of Appellate Procedure are mandatory and failure to follow the rules subjects an appeal to dismissal. *Marsico v. Adams*, 47 N.C. App. 196, 266 S.E. 2d 696 (1980). However, we are aware that petitioner's assignments of error pertain to the jury instructions and denial of judgment n.o.v., and it cannot be said that petitioner's various rule violations have markedly increased the difficulty of our task in evaluating this appeal, in view of the brevity of the record and nature of the issue presented. Therefore, we deem it appropriate to suspend the rules in this instance. App. R. 2; *Drug Stores v. Mayfair*, 50 N.C. App. 442, 274 S.E. 2d 365 (1981). However, this result should not be construed as either approving or encouraging the laxity in compliance with the Rules of Appellate Procedure demonstrated in this case.

[2]　We note first that the record is devoid of any indication that petitioner moved for a directed verdict at the close of her own evidence or at the close of all the evidence. In order to preserve the right to move for a judgment n.o.v. under G.S. 1A-1, Rule 50(b), a party must move for a directed verdict at the close of all the evidence. *Gibbs v. Duke*, 32 N.C. App. 439, 232 S.E. 2d 484, *disc. rev. denied*, 292 N.C. 640, 235 S.E. 2d 61 (1971); *Glen Forest Corp. v. Bensch*, 9 N.C. App. 587, 176 S.E. 2d 851 (1970). This is an absolute prerequisite. *Id.; see generally* Shuford, N.C. Civ. Prac. & Proc. (2nd Ed.), § 50 *et seq.* Petitioner's failure to do so, therefore, justified the trial court's denial of her motion for judgment n.o.v. As a consequence, the question of the sufficiency of the evidence to support the verdict has not been properly preserved for appellate review.

[3]　Petitioner contends that the jury was erroneously instructed that a second or subsequent marriage is presumed valid because such a presumption is in "direct violation" of G.S. 51-3, which provides that all marriages between any two persons either of whom "has a husband or wife living at the time of such marriage" shall be void. In other words, petitioner appears to be arguing that the first marriage of Walter and Doris is presumed to continue, absent evidence to the contrary, and that the trial court erred in the charge as to the burden of proof and substantive law with respect to this issue. We do not agree.

It is well established that, " 'A second or subsequent marriage is presumed legal until the contrary be proved, and he who asserts its illegality must prove it. In such case, the presumption of innocence and morality prevail over the presumption of the continuance of the first or former marriage.' " *Kearney v. Thomas*, 225 N.C. 156, 33 S.E. 2d 871 (1945). *Accord Chalmers v. Womack*, 269 N.C. 433, 152 S.E. 2d 505 (1967); *Ivory v. Greer Brothers, Inc.*, 45 N.C. App. 455, 263 S.E. 2d 290 (1980); *Green v. Construction Co.*, 1 N.C. App. 300, 161 S.E. 2d 200 (1968).

We have carefully examined the trial court's charge to the jury and find that it fully and accurately summarized the evidence presented, the contentions of the parties, and correctly declared and explained the law arising upon the evidence in all respects. Therefore, the petitioner's assignment of error is wholly without merit. The parties have received a fair trial, and the verdict and judgment are

Affirmed.

Judges ARNOLD and PHILLIPS concur.