FRED LARRY DELLINGER AND LESLIE G. DELLINGER v. JOSEPH EDWARD LAMB, JR., CAROLYN D. LAMB, AND WALTER ROY BOGGS, D/B/A ROY BOGGS CONSTRUCTION CO.

No. 8525SC673

(Filed 18 February 1986)

1. Negligence § 2; Sales § 6; Vendor and Purchaser § 6.1— negligence of home builder—action by purchasers other than original owners

    The complaint of plaintiffs, who were not the original owners of a house, was sufficient to state a cause of action for negligence against defendant

builder where plaintiffs generally stated that building code violations and construction defects existed in the stone and brick fireplaces which were located in the house.

**2. Sales § 6; Vendor and Purchaser § 6— sale of home by original owners—no misrepresentation of condition of premises**

In an action to recover damages for numerous alleged building defects in the chimney and fireplace hearth extensions in plaintiff's home, the trial court properly entered summary judgment for defendant prior owners where the evidence did not show that defendants knowingly and falsely represented that a flue existed in the basement of the house and that the house was in good condition; the evidence did show that they represented only what they believed existed in the house; during construction of the house, they specifically requested that a flue liner be placed in the basement; there was no evidence that they knew or had reason to believe that the builder had not properly built the fireplaces or flue liner; representations made by the owners' agent as to the condition of the house were made prior to purchase of the house by the plaintiffs and upon information that the owners had supplied the agent; the contract for sale of the house mentioned no warranty concerning the basement flue, the fireplaces, or the general condition of the house but did contain a merger clause declaring that the entire agreement of the parties was contained in the writing; and evidence of the agent's statements made prior to the signing of the contract were therefore inadmissible to prove existence of an express warranty.

APPEAL by plaintiffs from *Ferrell, Judge*, and *Kirby, Judge*. Order of Dismissal entered 27 August 1984, and Order of Summary Judgment entered 28 March 1985 in Superior Court, CATAWBA County. Heard in the Court of Appeals 6 November 1985.

*Randy D. Duncan for plaintiff appellants.*

*Williams & Pannell by Richard A. Williams, Jr., for defendant appellees, Joseph Edward Lamb, Jr., and Carolyn D. Lamb.*

*No brief filed for defendant appellee, Walter Roy Boggs, d/b/a Roy Boggs Construction Co.*

COZORT, Judge.

Plaintiffs brought this action against the defendants seeking damages for numerous alleged building defects in the chimney and fireplace hearth extensions of their home. The trial court granted the defendant Boggs' motion to dismiss for failure to state a claim upon which relief could be granted, and the trial court granted the defendant Lambs' motion for summary judgment. Plaintiffs appealed. We reverse the dismissal of the action

as to Boggs and affirm the granting of summary judgment in favor of the Lambs.

This action arises from the sale of a house and a lot in Maiden, North Carolina. Plaintiffs, Fred and Leslie Dellinger, purchased the house pursuant to a written contract from the defendants, Joseph and Carolyn Lamb, on 29 March 1983 for the sum of $78,500.00. The house was originally built for the Lambs in 1977 by defendant Walter Roy Boggs, d/b/a Roy Boggs Construction Co. After moving into the house, the plaintiffs discovered that a flue liner which the plaintiffs believed extended into the basement of the house was not in the proper place. Further investigation by the plaintiffs revealed other alleged defects in the fireplace hearth extensions and flue liners, including the construction of these improvements on and adjacent to combustible materials. The plaintiffs alleged that the Lambs knowingly and falsely represented and warranted to the plaintiffs that the flue behind the basement cinder block walls could be used to hook up plaintiffs' wood stoves by making a hole in the wall and attaching a "thimble"; that the home was in good condition, working order and repair; and that the fireplaces and heating systems were in good condition and operated properly. The plaintiffs also alleged that Walter Roy Boggs, d/b/a Roy Boggs Construction Co., the builder of the house, violated the North Carolina Uniform Residential Building Code by building the house with hidden defects which constitute dangerous safety hazards. The Lambs answered denying any liability, alleging that the Statute of Frauds barred any alleged oral warranties made by the Lambs and cross claimed against defendant Boggs. Defendant Boggs moved, pursuant to Rule 12(b)(6), for dismissal of all plaintiffs' claims against him. The Lambs moved for summary judgment. The trial court allowed defendant Boggs' Rule 12(b)(6) motion and the Lambs' summary judgment motion. Plaintiffs appealed.

[1] First, we address plaintiffs' assignment of error regarding the trial court's granting the defendant Boggs' motion to dismiss for failure to state a claim upon which relief could be granted. The recent North Carolina Supreme Court decision in *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E. 2d 222 (1985), is dispositive of this assignment. The issue in *Oates* was "whether an owner of a dwelling house who is not the original purchaser has a cause of action against the builder and general contractor for negligence in

the construction of the house, when such negligence results in economic loss or damage to the owner." *Id.* at 277, 333 S.E. 2d at 223-24. The court held that such a cause of action does in fact exist where the plaintiffs' complaint sounded in negligence. *Id.*

The plaintiffs' amended complaint in the instant case alleges:

VIII. That the residence as constructed by the defendants contains a number of defects and building code violations, as set forth in the February 20, 1984, letter from the Catawba County Building Inspector's office, a copy of which is attached as Exhibit E.

IX. That said defects and building code violations are not readily observable, are located behind basement cinder block walls and in and behind stone and brick fireplaces so as to be hidden from view, and were not discovered by plaintiffs until after the purchase of said residence.

\*　\*　\*　\*

XV. That, upon information and belief, the defendant, Boggs, foresaw or should have forseen [*sic*] that because of the nature of the latent and hidden defects in the home which are to the extent of actually being dangerous safety hazards a substantial and proximate risk of personal injury and/or financial harm existed as to persons such as plaintiffs.

We note for the purposes of this appeal that our decision is not based on the 20 February 1984 letter from the Catawba County Building Inspector's office, wherein specific violations of the North Carolina Uniform Residential Building Code were cited because that letter is not found within the record on appeal. Rule 9, N.C. Rules App. Proc. The plaintiffs have generally stated that building code violations and construction defects existed in the stone and brick fireplaces that were located in the house. Plaintiffs also state that they have been damaged as a result of defendant Boggs' construction of the house with defects. Plaintiffs' complaint sufficiently states a cause of action for negligence. In accordance with the decision in *Oates*, the trial court's dismissal of plaintiffs' action against defendant Boggs is reversed.

[2] Plaintiffs in their second assignment of error allege that the trial court erred by granting the defendant Lambs' motion for

summary judgment. The standard for reviewing a summary judgment motion is "whether the pleadings, depositions, answers to interrogatories, and admissions . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. [Citations omitted.]" *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 656, 267 S.E. 2d 584, 586 (1980). In their complaint the plaintiffs allege that the Lambs knowingly and falsely represented and expressly warranted that a flue existed in the basement of the house and that the house was in good condition. The depositions and affidavits submitted in support of summary judgment show that Bob Hullet, the Lambs' real estate agent, represented to the plaintiffs that a flue existed in the basement and a wood stove could be hooked up to it by breaking a piece of ceramic tile and inserting a thimble into the space. Hullet also stated that the house was in good condition. These representations were made prior to the purchase of the house by the plaintiffs and upon information that the Lambs had supplied Mr. Hullet.

The contract for the sale of the house makes no mention of any warranty concerning the basement flue, the fireplaces, or the general condition of the house and contains a merger clause declaring that the entire agreement of the parties is contained in the writing. The agreement provided that the house was being sold "as is." Where the parties have put their agreement in writing, it is presumed that the writing embodies their entire agreement. Thus, all prior and contemporaneous negotiations are regarded as merged into the written agreement. *Clifford v. River Bend Plantation, Inc.*, 312 N.C. 460, 464, 323 S.E. 2d 23, 25 (1984); *Neal v. Marrone*, 239 N.C. 73, 77, 79 S.E. 2d 239, 242 (1953). In the absence of fraud, parol testimony of prior or contemporaneous negotiations is inadmissible to prove the existence of a warranty.

Although the plaintiffs allege false representations, the plaintiffs' evidentiary forecast shows none. Fred Dellinger's deposition shows that a flue did in fact exist in the basement; however, the flue only extended approximately 18 to 20 inches below floor level. The evidence also showed that the defendant Lambs only represented what they believed existed in the house. During the construction of the house, the Lambs specifically requested that a flue liner be placed in the basement. There was no evidence that the Lambs knew or had reason to believe that the builder had not

properly built the fireplaces or flue liner or that their agent, Mr. Hullet, knew of any defects. As a matter of law the statements made by the Lambs through their agent did not amount to fraud. *Hawks v. Brindle*, 51 N.C. App. 19, 275 S.E. 2d 277 (1981).

The allegation of fraud set aside, we now address the plaintiffs' claim based on breach of express warranty. "The merger clause in the written contract clearly excludes from the agreement everything not included in the writing, and parol evidence of express warranties made prior to the execution of the contract [is] incompetent and inadmissible." *Clifford, supra,* at 464, 323 S.E. 2d at 25. Therefore, the statements made by Mr. Hullet before the signing of the contract are inadmissible and the existence of the express warranty could not be proved at trial.

The trial court correctly granted summary judgment in favor of the defendant Lambs.

Reversed in part; affirmed in part.

Judges ARNOLD and MARTIN concur.