PARIS v. WOOLARD

[128 N.C. App. 416 (1998)]

━━━━━━━━

MABLE B. PARIS, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF CHARLES F. PARIS, PLAINTIFF v. JAMES F. WOOLARD AND H.G. AND W.H. CAHOON, INC., DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, AGENCY SERVICES, INC. AND TIDELAND INSURANCE AGENCY, THIRD-PARTY DEFENDANTS

NO. COA97-460

(Filed 20 January 1998)

### 1. Appeal and Error § 426 (NCI4th)— brief—type size—characters per line—required by Appellate Rules

Although appellant ASI's brief did not comply with N.C. R. App. P. 26(g), which requires that briefs have 11 point type and allows a maximum of ten characters per inch for all printed material, the Court of Appeals addressed the general thrust of appellant's argument pursuant to N.C. R. App. 2 in deference to the litigants and for reasons of judicial economy.

### 2. Insurance § 631 (NCI4th)— automobile insurance—cancellation—premium finance company—notice requirement

The trial court did not err in an action arising from an automobile accident by granting summary judgment for third-party plaintiffs against defendant PMA, which issued a business automobile liability policy to third-party plaintiffs, and ASI, which

PARIS v. WOOLARD

[128 N.C. App. 416 (1998)]

financed the premiums, where ASI did not comply with the statutory requirements of N.C.G.S. § 58-35-85 by waiting at least ten days after giving the insured notice of intent to cancel before mailing the insurer a request for cancellation.

3. **Insurance § 631 (NCI4th)— supplemental affidavit—motion to file denied—cancellation of insurance—ten day waiting period—calculation**

The trial court did not err by denying the third-party defendant's motion to file a supplemental affidavit in an action involving automobile insurance coverage where the third-party defendant financed the premiums but did not comply with the statutorily mandated ten day waiting period before sending a notice of cancellation to the insurer. The statute does not mean ten days before the cancellation date. N.C.G.S. § 58-35-85.

4. **Pleadings § 362 (NCI4th)— amended pleadings—cross-claim added—no error**

There was no error in a declaratory judgment action to determine automobile insurance coverage in allowing the insurer to amend its pleadings to add a cross-claim against an insurance premium finance company since liability arose from the conduct of that company alone.

5. **Insurance § 631 (NCI4th)— automobile insurance policy—improper notice—liability of premium finance company**

The trial court did not err by granting summary judgment for PMA against ASI in a declaratory judgment action to determine insurance coverage under a business automobile liability policy issued by PMA and financed by ASI where ASI's failure to abide by the statute for cancellation of the policy was the sole reason for PMA's liability to plaintiff. An insurance company that receives an improper request for cancellation by a premium finance company failing to comply with the provisions of N.C.G.S. § 58-35-85 is entitled to redress from the premium finance company.

Appeal by third-party defendant Agency Services, Inc., from summary judgments entered in Craven County Superior Court by Judge Herbert O. Phillips, III, on 27 July 1994 and by Judge James E. Ragan, III, on 17 January 1997. Heard in the Court of Appeals 4 December 1997.

*Ross Law Firm, by C. Thomas Ross, for Agency Services, Inc., third-party defendant appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Edward C. LeCarpentier, III, and Patricia L. Holland, for Pennsylvania Manufacturers' Association Insurance Company, third-party defendant appellee.*

SMITH, Judge.

On 18 February 1992, plaintiff Mable B. Paris, individually and as executrix of the estate of Charles F. Paris, sought damages for injuries sustained in an automobile accident that occurred on 25 April 1991 involving defendant James F. Woolard ("Woolard"). During this accident, Woolard was driving a vehicle owned and insured by his employer W. H. Cahoon, Inc. ("Cahoon").

On 24 April 1992, defendants Woolard and Cahoon filed a third-party complaint against Pennsylvania Manufacturers' Association Insurance Company ("PMA") to obtain a declaration of rights under a business automobile liability insurance policy issued to Cahoon by PMA. Cahoon alleged that the liability insurance coverage was effective on the date of the automobile accident. PMA alleged that the policy had been cancelled prior to the date of the accident.

On 10 September 1993, Woolard and Cahoon added an additional third-party defendant, Agency Services, Inc. ("ASI"), who financed the premiums for the insurance coverage of Cahoon. Woolard and Cahoon alleged that ASI failed to follow certain procedures required by N.C. Gen. Stat. § 58-35-85 (1989) to properly cancel the coverage provided by the insurance policy.

On 26 May 1994, ASI moved for summary judgment. Thereafter, on 7 June 1994, PMA also moved for summary judgment. On 16 June 1994, Woolard and Cahoon as third-party plaintiffs moved for summary judgment as to their third-party action against PMA and ASI. On 27 July 1994, Judge Herbert O. Phillips, III, denied the summary judgment motions of ASI and PMA, and granted summary judgment in favor of plaintiff Paris and Woolard and Cahoon as third-party plaintiffs. Judge Phillips' order held that the insurance policy was in effect on the date of the accident and thus provided coverage for Woolard and Cahoon.

Subsequent to Judge Phillips' order, PMA and ASI appealed to this Court. That appeal was dismissed as interlocutory. PMA began

settlement negotiations with plaintiff Paris and advised ASI of these negotiations. On 5 October 1995, ASI stated that any settlement of claims up to $200,000.00 was reasonable. On 15 December 1995, plaintiff Paris, defendants Woolard and Cahoon, and PMA settled the tort action for $197,500.00. However, ASI did not participate in or contribute to this settlement.

On 18 July 1996, PMA amended its answer to assert a crossclaim for indemnity against ASI. On 26 August 1996, PMA filed a summary judgment motion as to the claims for indemnity and for actual damages. ASI filed a summary judgment motion on 25 October 1996 as to all claims against ASI. Judge James E. Ragan, III, entered an order on 17 January 1997 granting summary judgment to PMA, denying summary judgment to ASI, and ordering ASI to indemnify PMA in the amount of $250,585.33, plus interest and future costs and fees. ASI appeals from both grants of summary judgment.

[1] Before we address the merits of this case, we note that appellant ASI's brief does not comply with Rule 26(g) of the Rules of Appellate Procedure which requires that "[a]ll printed matter must appear in at least 11 point type." In addition, Rule 26(g) provides that there must be only ten characters per inch. *Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 147, 468 S.E.2d 269, 273 (1996). Therefore, "a properly formatted 8.5 by 11 inch page will contain no more than 65 characters per line." *Id.* ASI's brief violates this rule because it has approximately 98 characters per line. A violation of the type size restriction could result in the imposition of sanctions pursuant to N.C.R. App. P. 25(b) and 34(b). *Tate Terrace Realty Investors, Inc. v. Currituck County*, 127 N.C. App. 212, 217, 488 S.E.2d 845, 848 (1997).

The appellate rules are not optional; they are mandatory and failure to follow the rules subjects an appeal to dismissal. *Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984). Nothwithstanding the errors, in deference to the litigants and for reasons of judicial economy, we nevertheless address the general thrust of appellant's argument pursuant to N.C.R. App. P. 2.

[2] The first issue presented for appeal is whether the trial court committed reversible error in granting the motion for summary judgment in favor of Woolard and Cahoon as third-party plaintiffs against PMA and ASI. Appellate review of the grant of summary judgment is limited to two questions, including: (1) whether there is a genuine question of material fact, and (2) whether the moving party is entitled

to judgment as a matter of law. *Gregorino v. Charlotte-Mecklenburg Hosp. Authority*, 121 N.C. App. 593, 595, 468 S.E.2d 432, 433 (1996). A motion for summary judgment should be granted if, and only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (Cum. Supp. 1996). Evidence is viewed in the light most favorable to the non-moving party with all reasonable inferences drawn in favor of the nonmovant. *Whitley v. Cubberly*, 24 N.C. App. 204, 206-07, 210 S.E.2d 289, 291 (1974).

In the instant case, summary judgment was properly granted in favor of Woolard and Cahoon as third-party plaintiffs, holding that PMA's coverage for Cahoon was in full force and effect on the date of the accident. N.C. Gen. Stat. § 58-35-85 provides that an insurance contract paid for by insurance premium financing cannot be cancelled unless "not less than ten (10) days written notice" is given to the insured concerning the intent of the insurance premium finance company to cancel the insurance contract. N.C. Gen. Stat. § 58-35-85(2) states that only "[a]fter expiration of the period" can the insurance premium finance company mail the insurer a request for cancellation. Thus, N.C. Gen. Stat. § 58-35-85 required the insurance premium finance company, ASI, to wait at least ten days before mailing the insurer a request for cancellation. All the evidence in the record shows that ASI did not wait for ten days to pass after mailing the notice of intent to cancel to Cahoon before it mailed its notice of cancellation to PMA. "In order to cancel a policy the carrier must comply with the procedural requirements of the statute or the attempt at cancellation fails and the policy will continue in effect despite the insured's failure to pay in full the required premium." *Pearson v. Nationwide Mut. Ins. Co.*, 325 N.C. 246, 254, 382 S.E.2d 745, 748 (1989). Therefore, since ASI failed to comply with the statute, this assignment of error is overruled.

[3] The second issue is whether the trial court erred in denying ASI's motion to file a supplemental or further affidavit. ASI argues that the trial court abused its discretion when it stated that the inclusion of A.E. Bittner's affidavit would not have altered the order allowing summary judgment. However, this assignment of error is without merit since ASI's further affidavit indicates that ASI did not comply with the statutory mandate of "no less than ten days" before sending a notice of cancellation to PMA.

ASI's position is that the "Notice Of Intent To Cancel had been mailed [to insured Cahoon] at least ten days prior to the specified date of cancellation." However, N.C. Gen. Stat. § 58-35-85 states that the insurance premium company must wait at least ten days before mailing the insurer a request for cancellation. This statute does not mean, as ASI contends, that the ten-day written notice to the insurer must be "before the specified cancellation date." ASI mailed the notice of cancellation to insurer PMA on 4/08/91, which is only seven days after the 4/01/91 notice of intent to cancel was mailed to the insured Cahoon. Since ASI failed to wait the requisite ten days before mailing PMA the request for cancellation, this assignment of error is also overruled.

[4] The third issue is whether the trial court erred in allowing Cahoon and PMA to amend their pleadings. N.C. Gen. Stat. § 1A-1, Rule 15(a) (1990) provides that a party's motion to amend its pleading should be freely granted when justice so requires. In addition, the objecting party has the burden of showing it would be prejudiced if the motion to amend was granted. *Watson v. Watson*, 49 N.C. App. 58, 60, 270 S.E.2d 542, 544 (1980). In the instant case, PMA amended its pleading and added a cross-claim against ASI after plaintiff Paris obtained summary judgment against PMA and ASI, and after it had been established in the trial court that the insurance policy had not been properly cancelled. ASI's actions are the sole reason PMA is liable to plaintiff Paris. Since liability arises from the conduct of ASI alone, there is no prejudice to ASI in allowing PMA's pleadings to be amended. Thus, this assignment of error is overruled.

[5] The fourth issue presented for appeal is whether the trial court committed reversible error in granting the motion for summary judgment in favor of PMA. An insurance company that receives an improper request for cancellation by a premium finance company failing to comply with the provisions of N.C. Gen. Stat. § 58-35-85 is entitled to redress from the premium finance company. *Grant v. State Farm Mut. Auto. Ins. Co.*, 1 N.C. App. 76, 80, 159 S.E.2d 368, 371, *disc. review denied*, 273 N.C. 657, 161 S.E.2d 560 (1968). Furthermore, an insurance company is entitled to full indemnification, including the costs of settling a tort action and related expenses, if its duty to provide coverage arose from the wrongful conduct of another. *Hildreth v. U.S. Cas. Co.*, 265 N.C. 565, 568, 144 S.E.2d 641, 643 (1965). In the instant case, ASI failed to follow the statutory procedures for cancellation of the insurance policy. ASI's failure to abide by the statute is the sole reason PMA is liable to plaintiff Paris. Thus,

summary judgment was properly granted in favor of PMA and this assignment of error is overruled.

In conclusion, there are no genuine issues of material fact. Accordingly, we affirm both grants of summary judgment.

Affirmed.

Judges MARTIN, John C., and JOHN concur.