ROBERT A. STEINGRESS v. THERESA D. STEINGRESS

No. 199A98

(Filed 4 March 1999)

**Appeal and Error— brief violating appellate rules—dismissal of appeal**

The Court of Appeals did not err by dismissing an appeal because of defendant-appellant's failure to double space the text of her brief in violation of Appellate Procedure Rule 26(g) and her failure to set out in her brief references to the assignments of error upon which her presented issues and arguments were based in violation of Appellate Procedure Rule 28(b)(5). The Court of Appeals did not abuse its discretion by failing to apply Appellate Procedure Rule 2 in this case to allow the appeal to be determined on the merits notwithstanding these violations of the rules. N.C. R. App. P. 2, 26(g), and 28(b)(5).

Justice FRYE dissenting

Justices PARKER and ORR join in this dissenting opinion.

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, 129 N.C. App. 430, 500 S.E.2d 777 (1998), dismissing defendant's appeal of a judgment entered on 15 January 1997 by Fowler, J., in District Court, Buncombe County. Heard in the Supreme Court 14 October 1998.

*Robert E. Riddle, P.A., by Robert E. Riddle, for plaintiff-appellee.*

*Mary Elizabeth Arrowood for defendant-appellant.*

LAKE, Justice.

The sole issue presented in this case, by virtue of the notice of appeal based upon the dissenting opinion in the Court of Appeals, is whether the Court of Appeals should have allowed the appeal to go forward for determination on the merits even though defendant-appellant, in her brief, failed to follow the Rules of Appellate Procedure. The Court of Appeals dismissed defendant's appeal for failure to file a brief in compliance with Rules 26(g) and 28(b). For the reasons stated below, we affirm the Court of Appeals' decision to dismiss defendant's appeal.

**STEINGRESS v. STEINGRESS**

[350 N.C. 64 (1999)]

The facts in this case are not in dispute. On 9 August 1994, plaintiff filed a complaint seeking, *inter alia*, an equitable distribution of marital property. Defendant filed her answer and counterclaim on 14 September 1994, also seeking, *inter alia*, an equitable distribution of marital property. The equitable-distribution claim was heard by Judge Earl J. Fowler, Jr., on 23 October 1996 in District Court, Buncombe County. On 15 January 1997, the trial court entered an equitable distribution judgment. Defendant appealed to the Court of Appeals. In an unpublished, split decision, the Court of Appeals dismissed the appeal because of defendant-appellant's failure to double space the text of her brief and her failure to set out in her brief references to the assignments of error upon which her presented issues and arguments were based.

The Rules of Appellate Procedure require that, as to content, an appellant's brief *shall* be "in the form prescribed by Rule 26(g)." N.C. R. App. P. 28(b). Appellate Rule 26(g) provides that, with respect to all papers filed, "[t]he body of text shall be presented with double spacing between each line of text." N.C. R. App. P. 26(g). Additionally, Rule 28(b) requires that an appellant's brief must contain an argument stating

> the contentions of the appellant with respect to each question presented. Each question shall be separately stated. Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.

N.C. R. App. P. 28(b)(5).

The appellate courts of this state have long and consistently held that the rules of appellate practice, now designated the Rules of Appellate Procedure, are mandatory and that failure to follow these rules will subject an appeal to dismissal. *Jim Walter Corp. v. Gilliam*, 260 N.C. 211, 132 S.E.2d 313 (1963); *Wiseman v. Wiseman*, 68 N.C. App. 252, 314 S.E.2d 566 (1984). In *Bradshaw v. Stansberry*, 164 N.C. 356, 356, 79 S.E. 302, 302 (1913), Chief Justice Clark, speaking for this Court and addressing the increasing number of appeals, stated: "It is, therefore, necessary to have rules of procedure and to adhere to them, and if we relax them in favor of one, we might as well abolish them." The Court there held: "The motion of the appellee to

STEINGRESS v. STEINGRESS

[350 N.C. 64 (1999)]

dismiss the appeal for failure to print the record and briefs in accordance with the rules of this Court is allowed." *Id.* This Court has noted that when the appellant's brief does not comply with the rules by properly setting forth exceptions and assignments of error with reference to the transcript and authorities relied on under each assignment, it is difficult if not impossible to properly determine the appeal. *State v. Newton*, 207 N.C. 323, 329, 177 S.E. 184, 187 (1934). More recently, in *State v. Glenn*, 333 N.C. 296, 425 S.E.2d 688 (1993), a first-degree murder case, this Court dismissed a portion of a defendant's assignments of error for his failure to comply with Rule 28 by not identifying the specific questions or answers he wanted reviewed, by not including portions of the transcript containing those questions or answers in the appendix and by not including a verbatim recitation of those questions or answers in his brief.

In the instant case, it is clear that defendant's brief is not in the form prescribed by Rule 26(g) and further does not comport to Rule 28(b) in that her brief does not contain references to the assignments of error upon which her asserted issues and arguments with respect thereto are based. These deficiencies are readily acknowledged by defendant in her brief to this Court. However, defendant calls our attention to Rule 2 of the Rules of Appellate Procedure, which provides that the courts of the appellate division may suspend or vary the requirements of the provisions of any of the rules "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest." N.C. R. App. P. 2. Defendant now contends that Rule 2 should be applied, in the discretion of the Court, to allow this appeal to go forward on its merits notwithstanding these violations of the rules. In support of her argument, defendant cites a number of cases in which Rule 2 has been so applied. While it is certainly true that Rule 2 has been and may be so applied in the discretion of the Court, we reaffirm that Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court and only in such instances. *Blumenthal v. Lynch*, 315 N.C. 571, 578, 340 S.E.2d 358, 362 (1986). In this regard, we note that while defendant states that this rule should now be applied "to prevent manifest injustice," she merely reasserts the issues that were presented to and reviewed by the Court of Appeals.

Further, defendant is now before this Court pursuant to an appeal of right under Rule 14 of the Rules of Appellate Procedure, from the

**STEINGRESS v. STEINGRESS**

[350 N.C. 64 (1999)]

dissenting opinion in the Court of Appeals, and to the extent the dissenting opinion presents an issue on appeal, it appears to relate to whether the Court of Appeals abused its discretion in failing to apply Rule 2 in this case. The dissenting opinion states in its entirety that although defendant's assignments of error do not comply with the rules, the dissenting judge is able to determine which assignments are argued in the brief and for that reason, "I vote to hear the appeal and tax each attorney with some appropriate costs for violating the Appellate Rules." Thus, it appears the dissenting opinion in this case presents no dividing issue and is merely a vote in favor of the exercise of discretion to suspend the rules. "When an appeal is taken pursuant to [N.C.G.S. § 7A-30(2)], the only issues properly before the Court are those on which the dissenting judge in the Court of Appeals based his dissent." *Clifford v. River Bend Plantation, Inc.*, 312 N.C. 460, 463, 323 S.E.2d 23, 25 (1984).

Considering the matter of discretion, we note that the Court of Appeals in its majority opinion concluded that while defendant did relate the first part of her first question presented to the "first assignment of error in the record," she failed to do so with respect to the balance of that issue and in the third issue presented. In light of this thorough review and consideration by the Court of Appeals, we cannot say that there was any abuse of discretion with respect to the application of Rule 2, and we therefore conclude that the opinion of the Court of Appeals should be and that the same is affirmed.

AFFIRMED.

Justice FRYE dissenting.

In an unpublished decision, the Court of Appeals dismissed defendant's appeal for failure to file a brief in compliance with Rules 26(g) and 28(b) of the Rules of Appellate Procedure. Judge Walker dissented, voting instead to hear the appeal and tax appropriate costs for violating the appellate rules. Thus, the question raised is whether dismissal of the appeal was proper.

Appellate Rule 26(g) provides the required form of papers to be filed with an appellate court, such as the proper point type, size of paper, and line spacing. N.C. R. App. P. 26(g). Appellate Rule 28(b)(5) provides that each question presented in a brief must be followed by the pertinent assignments of error along with the corresponding numbers and pages at which they appear in the printed record on appeal. N.C. R. App. P. 28(b)(5). Appellate Rule 25 details penalties

for failure to comply with the appellate rules. N.C. R. App. P. 25. Rule 25(a) specifically authorizes dismissal of an appeal for failure of the appellant to take timely action. Rule 25(a) is not at issue in this case.

Rule 25(b), added to the rules by amendment 8 December 1988—effective 1 July 1989, provides:

> A court of the appellate division may, on its own initiative or motion of a party, impose a sanction against a party or attorney or both when the court determines that such party or attorney or both substantially failed to comply with these appellate rules. The court may impose sanctions of the type and in the manner prescribed by Rule 34 for frivolous appeals.

N.C. R. App. P. 25(b). Hence, if an appellate court seeks to impose sanctions for a substantial failure to comply with the appellate rules, Rule 25(b) provides that the court may impose sanctions "of the type and in the manner prescribed by Rule 34 for frivolous appeals." The sanctions listed under Rule 34 include dismissal of the appeal; monetary damages "including, but not limited to, single or double costs, damages occasioned by delay, and reasonable expenses, including reasonable attorney fees, incurred because of the frivolous appeal or proceeding"; and any other sanction deemed just and proper. N.C. R. App. P. 34(b). Rule 34(d), added by amendment 8 December 1988—effective 1 July 1989, further provides:

> If a court of the appellate division deems a sanction appropriate under this rule, the court shall order the person subject to sanction to show cause in writing or in oral argument or both why a sanction should not be imposed.

N.C. R. App. P. 34(d).

Rule 34(d) does not require an appellate court to hold a special hearing to show cause why a sanction should not be imposed. Rather, under Rule 34(d) an appellant can be required to show cause in writing as enumerated in the rule, or the appellate court can simply demonstrate on the record that during oral arguments, it asked the appellant to show cause why it should not be sanctioned. This inquiry can consist wholly of this one question and need not consume more than a brief part of the oral argument.

In the instant case, defendant's brief was single-spaced, violating Rule 26(g), which requires double-spacing between each line of text in the brief. As Judge Walker noted in his dissenting opinion, neither

**STEINGRESS v. STEINGRESS**

[350 N.C. 64 (1999)]

appellant's nor appellee's brief complied with Rule 26(g). Defendant also violated Rule 28(b)(5) by failing to properly designate the assignments of error in her brief. Based on these violations, the Court of Appeals dismissed defendant's appeal. However, the Court of Appeals did so without considering Rule 25(b), which governs imposition of sanctions for substantial failure to comply with the appellate rules.

This case is distinguishable from *Bustle v. Rice*, 116 N.C. App. 658, 449 S.E.2d 10 (1994), in which the Court of Appeals emphasized that the appellants' numerous rules violations rendered it "virtually impossible for us to discern to which assignment of error appellants direct their argument; accordingly, we decline to address the merits of the argument." *Id.* at 659, 449 S.E.2d at 11. Here, two members of the Court of Appeals' panel determined that at least one assignment of error was discernible, and Judge Walker was able to identify the assignments of error argued in defendant's brief. Therefore, under Rule 34(d), this defendant should have been afforded the opportunity to show cause why her appeal should not be dismissed.

We recognize that appellate courts have the power to dismiss an appeal under the appellate rules. The Court of Appeals has addressed this issue in several cases. In a case involving the appellees' failure to comply with Rule 26, the Court of Appeals, citing Rules 25(b) and 34(b), stated that while it could elect not to, it chose to consider the brief since Rule 26 had not previously been construed. *Lewis v. Craven Reg'l Med. Ctr.*, 122 N.C. App. 143, 147-48, 468 S.E.2d 269, 273 (1996); *see also Paris v. Woolard*, 128 N.C. App. 416, 419, 497 S.E.2d 283, 285 (noting that a violation of Rule 26 could result in the imposition of sanctions pursuant to Rules 25(b) and 34(b)), *disc. rev. denied*, 348 N.C. 283, 502 S.E.2d 843 (1998). Moreover, in *Weatherford v. Glassman*, 129 N.C. App. 618, 620, 500 S.E.2d 466, 468 (1998), the Court of Appeals acknowledged that a failure to comply with Rule 26(g) could result in the imposition of appropriate sanctions, *"including dismissal of the appeal, in accordance with Rules 25(b) and 34(b) of the Rules of Appellate Procedure."* (Emphasis added.) However, in both *Weatherford* and *Lewis*, the Court of Appeals refers to dismissal of appeals under Rules 25(b) and 34(b), without reference to the Rule 34(d) requirement of ordering the party subject to the sanction to show cause. *Id.; Lewis*, 122 N.C. App. at 147-48, 468 S.E.2d at 273.

Citing a number of cases, the majority states that failure to follow the appellate rules has consistently subjected an appeal to dismissal.

**STEINGRESS v. STEINGRESS**

[350 N.C. 64 (1999)]

However, these cases show that this Court has been slow to dismiss an entire appeal, as distinguished from dismissing specific issues, on procedural grounds. *See State v. Glenn*, 333 N.C. 296, 306, 425 S.E.2d 688, 695 (1993) (holding that certain assignments of error were deemed waived for failure to comply with Rule 28(d), but not dismissing the appeal); *Jim Walter Corp. v. Gilliam*, 260 N.C. 211, 213, 132 S.E.2d 313, 315 (1963) (reviewing the record despite numerous violations of the General Statutes and Rules of Practice in the Supreme Court, but affirming the trial court's dismissal of the appeal for failure to timely serve the case on appeal); *State v. Newton*, 207 N.C. 323, 329, 177 S.E. 184, 187 (1934) (reviewing the record despite defendant's violation of Rule 28 and finding no prejudicial or reversible error); *Bradshaw v. Stansberry*, 164 N.C. 356, 79 S.E. 302 (1913) (examining the record to ensure that no error was committed in the trial and then dismissing for failure to print the record and briefs in accordance with the rules of this Court). In addition, the Court of Appeals, in *Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984), considered the appeal, concluding that the appellant's rule violations did not increase the difficulty of evaluating the appeal due to the record's brevity and the nature of the issue presented.

Furthermore, these cases must be considered in light of the 1989 amendments to the appellate rules which added, *inter alia*, subsection (b) to Rule 25 and subsection (d) to Rule 34. While these amendments do not prohibit an appellate court from dismissing an appeal for substantial violation of the appellate rules, they do provide a procedure whereby the offending party is afforded the opportunity to show cause why this most drastic sanction should not be imposed.

In conclusion, the appellate rules prescribe both the type of sanctions and the manner in which they may be imposed. Therefore, I would remand the case to the Court of Appeals for further proceedings not inconsistent with Appellate Rules 25(b) and 34(d).

Justices PARKER and ORR join in this dissenting opinion.