STEELMAN, Judge.
Plaintiff appeals from an opinion and award of the North Carolina Industrial Commission ("the Commission") denying his claim for workers' compensation benefits. Although plaintiff also gave notice of appeal from the Commission's 14 October 2003 order denying his motion for reconsideration, his assignments of error and arguments on appeal do not separately address this order. Accordingly, we confine our review to the opinion and award filed 22 September 2003.
Plaintiff has submitted to this Court only six pages of the transcript of his hearing before the Deputy Commissioner. He has not included in the record on appeal any narrative of the testimonial evidence adduced at the hearing; nor has he provided this Court with any of the medical records or other documentary evidence placed before the Commission. See N.C. R. App. P. 9(c), (d), 18(c)(6)-(8). Further, plaintiff has violated multiple North Carolina Rules of Appellate Procedure, including Rule 9(a)(2)(b), Rule 10(c)(1), Rule 28(b)(1), Rule 28(b)(2), Rule 28(b)(3), Rule 28(b)(4), Rule 28(b)(5), Rule 28(b)(6), Rule 28(b)(7) and Rule 28(b)(8).
The Rules of Appellate Procedure are mandatory; failure to comply with these rules subjects an appeal to dismissal. Steingress v. Steingress, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999). Furthermore, these rules apply to everyone - whether acting pro se or being represented by all of the five largest law firms in the state. Because plaintiff violated many of the appellate rules, his appeal must be dismissed, notwithstanding his pro se status.
Bledsoe v. County of Wilkes, 135 N.C. App. 124, 519 S.E.2d 316 (1999). Additionally, we have reviewed this case on its merits and conclude that plaintiff's arguments are without merit.
DISMISSED. Judges HUNTER and ELMORE concur.
Report per Rule 30(e).