ELONA T. HUANG (TOMBRELLO) Plaintiff,
WAKE COUNTY HUMAN SERVICES CHILD SUPPORT ENFORCEMENT, Intervenor-Plaintiff
v.
JIM JAY HUANG, Defendant
No. COA07-28
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Elisabeth P. Clary, for plaintiff-appellee.
Jim J. Huang, pro se.
CALABRIA, Judge.
This is the second appeal arising out of this child support matter. Jim Jay Huang ("defendant") first appealed to this Court from a 26 April 2005 order in which the trial concluded that a substantial change of circumstances had occurred and ordered a reduction of defendant's child support obligation. In an unpublished opinion filed 16 May 2006, this Court dismissed defendant's appeal because his assignments of error failed to assert a legal basis in violation of N.C.R. App. P. 10(c)(1). Huang v. Huang, 177 N.C. App. 563, 629 S.E.2d 623 (2006). The facts pertinent to the present appeal are as follows: On 28 February 2006, defendant filed a "Rule 60 Motion" asking the district court to reconsider its January and February 2006 orders on the grounds that defendant should be credited for providing medical insurance for the minor child. Defendant also prepared a "Notice of Hearing" that same day stating that the trial court would hear his Rule 60 Motion on 5 June 2006. After conducting a hearing, the trial court entered an order on 19 September 2006 which granted defendant's Rule 60 motion and modified defendant's child support obligation. From this order defendant appeals.
After careful review, we again dismiss defendant's appeal for significant violations of the North Carolina Rules of Appellate Procedure. Under N.C.R. App. P. 28(b)(4), an appellant's brief must include a "statement of grounds for appellate review." Defendant fails to state the grounds for his right to appeal from the 19 September 2006 order, in violation of Rule 28. N.C.R. App. P. 28(b)(6) states in relevant part that "[t]he argument shall contain a concise statement of the applicable standard(s) of review for each question presented[.]" Here, defendant sets forth three separate arguments in his brief: (1) "the trial court erred in holding a hearing and entering an order when there was no evidence of hearing notice[;]" (2) the trial court erred in refusing to hear his Rule 60 motion; and (3) the trial court's findings of fact and conclusions of law are not supported by the evidence. Defendant, however, does not set forth a standard of review for each question presented. Further, defendant fails to cite any case law in support of arguments two and three and defendant's generalized citations fall short of supporting argument one, in violation of N.C. R. App. P. 28(b)(6) (the body of the argument shall contain citations of the authorities upon which the appellant relies).
Finally, N.C.R. App. P. 9(a) requires that the record on appeal contain so much of the evidence, either in narrative form or in the verbatim transcript of the proceedings, as is necessary for an understanding of all errors assigned.See also N.C.R. App. P. 9(c). Defendant did not file a verbatim transcript of the proceedings in the court below and did not set forth in the record in narrative form a summary of the evidence presented. As a result of defendant's violations of the Rules of Appellate Procedure, review by this Court would require us to construct defendant's appeal. "It is not the role of the appellate courts, however, to create an appeal for an appellant." Viar v. N.C. Dep't. of Transp., 359 N.C. 400, 402, 610 S.E.2d 360, 361, reh'g denied, 359 N.C. 643, 617 S.E.2d 662 (2005) (citations omitted). "The North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.'" Id. at 401, 610 S.E.2d at 360 (quoting Steingress v. Steingress, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)).
Appeal dismissed.
Chief Judge MARTIN and Judge JACKSON concur.
Report per Rule 30(e).