DALE B. WEATHERFORD, Plaintiff v. STUART GLASSMAN, M.D., Defendant

No. COA97-885

(Filed 2 June 1998)

**Physicians, Surgeons, and Other Health Care Professionals § 127 (NCI4th)— medical malpractice—standard of care— forecast of evidence**

The trial court did not err by granting summary judgment for defendant in a medical malpractice action where plaintiff did not come forward with a sufficient forecast of evidence to defeat summary judgment. Plaintiff contended that defendant's expert witness did not establish a *prima facie* defense to plaintiff's com-

plaint, however, defendant's expert stated in an affidavit that after reviewing plaintiff's medical records and being familiar with the standards of practice of physicians in similar communities with the same or similar training and experience, defendant did not breach the applicable standard of care. This was sufficient to shift the burden to plaintiff; plaintiff submitted the deposition testimony of a doctor who stated that he had not reviewed any of the medical records pertaining to plaintiff's claim and was not familiar with the experience and training of defendant. Affidavits offered in opposition to a motion for summary judgment must be made on personal knowledge and set forth such facts as would be admissible and show affirmatively that the affiant is competent to testify to the matters stated. Finally, although plaintiff contends that the acts of defendant were so grossly negligent that the common knowledge exception to the requirement of expert testimony applies, plaintiff failed to come forward with any evidence that defendant's actions were grossly negligent.

Appeal by plaintiff from judgment entered 15 April 1997 by Judge Raymond A. Warren in Henderson County Superior Court. Heard in the Court of Appeals 17 March 1998.

*Herbert L. Hyde; and G. Edison Hill, for plaintiff-appellant.*

*Roberts & Stevens, P.A., by Isaac N. Northup, Jr. and Jacqueline D. Grant, for defendant-appellee.*

WALKER, Judge.

In December of 1989, plaintiff consulted defendant regarding recurring right upper quadrant abdominal pains. After an examination, defendant performed an exploratory surgery of plaintiff's abdomen on 15 December 1989. Following surgery, plaintiff remained in the hospital for five days before being released by defendant on 20 December 1989. Later that week, upon plaintiff's request, defendant permitted plaintiff to travel to Charleston, South Carolina to visit her daughter.

While in Charleston, plaintiff began experiencing pain and was admitted to the hospital. Upon examination, it was determined that plaintiff was suffering from streptococcus, a bacterial infection, and peritonitis, an inflammation of the abdominal wall caused by infection or irritation.

On 15 February 1995, plaintiff filed a complaint against defendant in which she alleged the following:

> 5. At the time of her discharge from the hospital and medical care of Defendant, Plaintiff was heavily infected with streptococcus, and had peritonitis and her infections were clearly ascertainable [from] nurses notes and written hospital records but Defendant did not read said records as he later admitted to Plaintiff, and did not properly examine Plaintiff prior to such discharge, which examination, if properly done, would have revealed the true condition of Plaintiff.

> 6. Defendant's acts in discharging Plaintiff from the hospital and from his medical care amounted to abandonment of Plaintiff.

> . . .

> 8. As the direct and proximate result of the said abandonment, negligence and medical malpractice of Defendant, Plaintiff had to be hospitalized, had to undergo surgery, came close to death and suffered bodily pain and mental anguish and pain and was painfully and permanently damaged and disabled and had to undergo expenses for doctors, hospitals and medicine including a permanently disabling condition known as Fibromyalgia all to her great damage in an amount exceeding Ten Thousand ($10,000.00) Dollars.

After answering, defendant filed a motion for summary judgment, which the trial court granted on 15 April 1995.

At the outset, we note that plaintiff has failed to comply with Rule 26(g) of the Rules of Appellate Procedure, which requires that "[t]he body of text shall be presented with double spacing between each line of text." N.C.R. App. P. 26(g). Further, Appendix B to the Rules of Appellate Procedure provides that "[t]he body of the document of petitions, notices of appeal, responses, motions, and briefs should be double-spaced, with captions, headings, and long quotes single-spaced." N.C.R. App. P. Appendix B. A failure to comply with Rule 26(g) could result in the imposition of appropriate sanctions, including dismissal of the appeal, in accordance with Rules 25(b) and 34(b) of the Rules of Appellate Procedure. *Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 147-148, 468 S.E.2d 269, 273 (1996). However, pursuant to our discretionary authority under Rule 2 of the Rules of Appellate Procedure, we nevertheless choose to consider the merits of plaintiff's appeal. *See* N.C.R. App. P. Rule 2.

In a medical malpractice action, a plaintiff must show (1) the applicable standard of care; (2) a breach of such standard of care by the defendant; (3) the injuries suffered by the plaintiff were proximately caused by such breach; and (4) the damages resulting to the plaintiff. *See Lowery v. Newton*, 52 N.C. App. 234, 237, 278 S.E.2d 566, 570, *disc. review denied*, 303 N.C. 711, —— S.E.2d ——, *petition for reconsideration denied*, 304 N.C. 195, 291 S.E.2d 148 (1981). N.C. Gen. Stat. § 90-21.12 provides the applicable standard of care in medical malpractice actions:

> In any action for damages for personal injury or death arising out of the furnishing or the failure to furnish professional services in the performance of medical, dental, or other health care, the defendant shall not be liable for the payment of damages unless the trier of the facts is satisfied by the greater weight of the evidence that the care of such health care provider was not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged act giving rise to the cause of action.

N.C. Gen. Stat. § 90-21.12 (1997). Further, this Court has announced that:

> Usually [the question of] what is the standard of care required of a physician or surgeon is one concerning highly specialized knowledge with respect to which a layman can have no reliable information. As to this, both the court and jury must be dependent on expert testimony. Ordinarily there can be no other guide.

*Mazza v. Huffaker*, 61 N.C. App. 170, 175, 300 S.E.2d 833, 837, *disc. review denied*, 309 N.C. 132, 305 S.E.2d 734 (1983), *petition for reconsideration denied*, —— N.C. ——, 313 S.E.2d 160 (1984).

Summary judgment is a drastic remedy and is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990); *Pressman v. UNC-Charlotte*, 78 N.C. App. 296, 300, 337 S.E.2d 644, 647 (1985), *disc. review allowed*, 315 N.C. 589, 341 S.E.2d 28 (1986). However, summary judgment for the defendant doctor in a medical malpractice action may be appropriate where the plaintiff "fail[s] to produce sufficient evidence of the applicable standard of

care, of a breach of that standard of care, and that the damages suffered . . . were proximately caused . . ." by the defendant doctor. *Evans v. Appert*, 91 N.C. App. 362, 366, 372 S.E.2d 94, 96, *disc. review denied*, 323 N.C. 623, 374 S.E.2d 584 (1988). In addition, Rule 56(e) of the North Carolina Rules of Civil Procedure provides, in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e) (1990); *see also White v. Hunsinger*, 88 N.C. App. 382, 384, 363 S.E.2d 203, 204 (1988).

Plaintiff first contends that defendant's expert witness did not establish a *prima facie* defense to plaintiff's complaint; therefore, summary judgment was inappropriate. However, as this Court has stated, once a defendant doctor submits affidavits in support of his/her motion for summary judgment which aver that he/she has not breached the applicable standard of care, the burden then shifts to the plaintiff to "come forward with specific facts showing a genuine issue for trial." *Beaver v. Hancock*, 72 N.C. App. 306, 310, 324 S.E.2d 294, 298 (1985).

In support of his motion for summary judgment, defendant submitted the affidavit of Dr. R. Michael Kennerly. In his affidavit, Dr. Kennerly stated that after reviewing plaintiff's medical records, and being familiar with the standards of practice of physicians in similar communities with the same or similar training and experience of defendant, defendant did not breach the applicable standard of care. This evidence was sufficient to shift the burden to plaintiff to show an issue of fact regarding the standard of care defendant owed to plaintiff which would defeat summary judgment.

In opposition to defendant's summary judgment motion, plaintiff alleged that defendant's standard of care in his treatment of plaintiff was "below the standard of care of a surgeon of his training and experience practicing in Henderson County or a similar community . . . ." In support of this allegation, plaintiff submitted the deposition testimony of Dr. Steven Mendelsohn. Plaintiff avers that Dr. Mendelsohn's answer to a hypothetical question posed by plaintiff's counsel consti-

WEATHERFORD v. GLASSMAN

[129 N.C. App. 618 (1998)]

tuted a sufficient forecast of evidence of defendant's failure to conform to the applicable standard of care. However, Dr. Mendelsohn testified in his deposition that he had not reviewed any of the medical records pertaining to plaintiff's claim nor did he have an opinion as to the standard of care provided by defendant to plaintiff, as he was not familiar with the experience and training of defendant.

It is well established that when affidavits are offered in opposition to a motion for summary judgment, they must "be made on personal knowledge, . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the affiant is competent to testify to the matters stated therein." N.C. Gen. Stat. § 1A-1, Rule 56(e) (1990); *see also Kern v. Tri-State Insurance Company*, 386 F.2d 754 (8th Cir. 1967) (where the United States Court of Appeals for the 8th Circuit, in addressing a federal claim for wrongful termination of an insurance contract, stated that the federal rules' equivalent of Rule 56(e) "specifically provides that such affidavits *shall* be made on personal knowledge and *shall* set forth such facts as would be admissible in evidence . . . [, and] [t]hese mandatory provisions must be complied with." *Id.* at 756 (citations omitted)); *Walling v. Fairmont Creamery Co.*, 139 F.2d 318, 322 (8th Cir. 1943); *Roucher v. Traders & General Insurance Company*, 235 F.2d 423, 424 (5th Cir. 1956). Further, this Court has held that a defendant's unverified pleadings are insufficient to defeat a motion for summary judgment since they do not comply with the requirements of Rule 56(e). *Venture Properties I v. Anderson*, 120 N.C. App. 852, 855, 463 S.E.2d 795, 797 (1995), *disc. review denied*, 342 N.C. 898, 467 S.E.2d 908 (1996).

Therefore, since Dr. Mendelsohn's answer to the hypothetical question was not based on his review of plaintiff's medical records in connection with this claim, plaintiff has failed to forecast evidence sufficient to establish the standard of care to which defendant was held and whether defendant in fact breached that standard of care.

Finally, plaintiff contends that regardless of whether she presented expert testimony of the applicable standard of care, "[t]he sworn statements of Plaintiff detailing the negligent acts of Defendant make it very clear that the acts of Defendant were so grossly negligent that the 'common knowledge' exception to the requirement of expert testimony rule applies." The common knowledge exception applies in situations where a physician's conduct is either (1) grossly negligent, or (2) "the treatment is of such a nature that the *common knowledge of laypersons is sufficient to find the standard of care required. . . ." Bailey v. Jones*, 112 N.C. App. 380,

387, 435 S.E.2d 787, 792 (1993). The concept of gross negligence embodies willful or wanton conduct of the defendant that proximately causes injury to the plaintiff. *See Cissell v. Glover Landscape Supply, Inc.*, 126 N.C. App. 667, 669-670, 486 S.E.2d 472, 473, *disc. review denied*, 347 N.C. 396, 494 S.E.2d 408 (1997), *rev'd on other grounds*, 348 N.C. 67, 497 S.E.2d 283 (1998). Conduct is willful if it "involves a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another;" and conduct is wanton if it "is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." *Id.* at 670, 486 S.E.2d at 473 (citations omitted). In this case, plaintiff has failed to come forward with any evidence that defendant's actions were grossly negligent; therefore, we reject plaintiff's argument.

In conclusion, when plaintiff alleged that the defendant's abandonment of her caused her additional pain and suffering, she was required to come forward with a forecast of evidence to defeat summary judgment. However, she has failed to support these allegations with either expert testimony of the applicable standard of care, the defendant's breach of such standard of care, or any evidence of defendant's gross negligence. Therefore, the trial court did not err by granting summary judgment for defendant.

Affirmed.

Judges GREENE and TIMMONS-GOODSON concur.