LAWRENCE E. ROUSH, Plaintiff v. TOLLY A. KENNON, JR., DDS, P.A., a North Carolina Professional Association and TOLLY A. KENNON, JR., DDS, Individually, Defendants

No. COA07-209

(Filed 5 February 2008)

**1. Dentists— malpractice—standard of care—specialized defendant—general practice witness**

. The record contained competent evidence sufficient to qualify a dentist as a standard-of-care witness in a malpractice case against an oral surgeon. Given his training and experience, and the fact that he chose to perform oral surgery in addition to other general dentistry work, the witness was a general dentist who specializes in oral surgery, including the extraction of molars (the subject of this case).

**2. Dentists— standard of care—familiarity with Charlotte**

A dentist from Atlanta was qualified to offer an opinion on the standard care for Charlotte in a malpractice claim against an oral surgeon. Although the witness indicated in a deposition that he knew nothing about the dental community in Charlotte and believed in a national standard of care, he subsequently reviewed demographic data for Charlotte, the rules of the North Carolina State Board of Dental Examiners, and the deposition of defendant and concluded that the standard of care for Atlanta, where he practiced, was the same as the similar community of Charlotte.

ROUSH v. KENNON

[188 N.C. App. 570 (2008)]

Appeal by plaintiff from judgment entered 28 August 2006 by Judge David S. Cayer in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 September 2007.

*Crumley & Associates, P.C., by Thomas H. Ainsworth, III, for plaintiff appellant.*

*Carruthers & Roth, P.A., by Kenneth L. Jones, for defendant appellees.*

McCULLOUGH, Judge.

Plaintiff appeals from an order granting defendants' motion to strike plaintiff's expert witness and to dismiss the action. We reverse the order of the trial court and remand for further proceedings.

FACTS

On 13 November 2001, Lawrence E. Roush ("plaintiff") visited Tolly A. Kennon, Jr., D.D.S., an oral and maxillofacial surgeon employed by Tolly A. Kennon, Jr., D.D.S., P.A., for an oral examination. Following this examination, plaintiff agreed to undergo the surgical extraction of plaintiff's impacted lower molars (teeth numbers 17 and 13) on 11 January 2002, under sedation. On 11 January 2002, Dr. Kennon surgically extracted plaintiff's impacted lower molars without any known complications. On 18 January 2002, 28 January 2002, and 30 January 2002, plaintiff returned to Dr. Kennon complaining of pain on the right side of his mandible and neck. During the 30 January 2002 examination, Dr. Kennon informed plaintiff that his symptoms were suggestive of a temporomadibular joint (TMJ) problem and advised plaintiff to take over-the-counter medications to relieve the pain.

After experiencing continued pain in his jaw, plaintiff again visited Dr. Kennon on 4 March 2002. Dr. Kennon performed a clinical examination of plaintiff's right mandible and took a Panorex image of plaintiff's mouth and jaw area. Following the examination, Dr. Kennon explained to plaintiff that plaintiff's problems with his lower jaw were likely the result of stress, which was causing pain in his TMJ. Dr. Kennon then recommended plaintiff visit his primary care physician, Dr. William Larsen, for a follow-up examination.

Plaintiff visited Dr. Larsen later that morning for an examination. Dr. Larsen noted that plaintiff's gland appeared to be infected and prescribed plaintiff an antibiotic to combat the infection. When plain-

**ROUSH v. KENNON**

[188 N.C. App. 570 (2008)]

tiff's pain persisted, Dr. Larsen suggested on 12 March 2002, that plaintiff make an appointment with Dr. F. Brian Gibson, an otolaryngologist, for further examination.

On 19 March 2002, plaintiff met with Dr. Gibson. Dr. Gibson diagnosed plaintiff as having a glandular infection and placed plaintiff on different antibiotics. On 2 April 2002, plaintiff again met with Dr. Gibson complaining of jaw pain. Dr. Gibson reviewed x-ray's of plaintiff's jaw, and diagnosed plaintiff as having a fractured jaw. Dr. Gibson then referred plaintiff to Dr. Steven G. Gollehon, a specialist in oral and maxillofacial surgery.

On 16 April 2002, Dr. Gollehon examined plaintiff's jaw and found plaintiff to be suffering from an oblique mandibular angle fracture of the right mandible with approximately eight millimeters to a centimeter of diathesis between the proximal and distal segments. On 24 April 2002, Dr. Gollehon performed a bone graft on plaintiff's jaw. Dr. Gollehon later performed several post-surgical examinations, the last of which occurred on 8 August 2002. At the time of the final visit, Dr. Gollehon found plaintiff's jaw to be healing well, but he was not totally satisfied with the amount of union near the area of the inferior border of the mandible.

On 7 January 2003, plaintiff once again visited Dr. Gollehon complaining of tenderness in his right mandible. After examining plaintiff's jaw, Dr. Gollehon found there to be a lack of union or minimal bony union in the area of the posterior angle. On 21 April 2003, Dr. Gollehon performed a second bone graft on plaintiff's jaw. Following the second graft, plaintiff visited Dr. Gollehon for several post-surgical examinations, the last of which occurred on 13 November 2003. During these visits, plaintiff complained of numbness on the right side of his mouth.

On 10 January 2005, plaintiff filed suit against defendants for professional negligence in Mecklenburg County Superior Court. On 19 June 2006, defendants filed a motion to strike plaintiff's expert witness and a motion to dismiss pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure, Rule 702 of the Rules of Evidence, and N.C. Gen. Stat. §§ 90-21.11 and 90-21.12. On 31 July 2006, defendants' motions were heard before the Honorable David S. Cayer in Mecklenburg County Superior Court. On 28 August 2006, Judge Cayer entered an order allowing defendants' motion to strike and motion to dismiss. On 30 August 2006, plaintiff filed a notice of appeal.

I.

Plaintiff contends the trial court committed error by striking plaintiff's witness, Dr. Tuzman, and subsequently dismissing plaintiff's claim for medical malpractice pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure. We agree.

"Rule 9(j) of the North Carolina Rules of Civil Procedure requires any complaint alleging medical malpractice by a health care provider to specifically assert that the 'medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and that [the expert] is willing to testify that the medical care did not comply with the applicable standard of care.' " *Trapp v. Maccioli*, 129, N.C. App. 237, 239-40, 497 S.E.2d 708, 710 (citation omitted), *disc. review denied*, 348 N.C. 509, 510 S.E.2d 672 (1998); N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (2005). If such an assertion is not made, the trial court must dismiss the complaint. *Trapp*, 129 N.C. App. at 240, 497 S.E.2d at 710.

Rule 702 of our Rules of Evidence provides in pertinent part:

(b) In a medical malpractice action as defined in G.S. 90-21.11, a person shall not give expert testimony on the appropriate standard of health care as defined in G.S. 90-21.12 unless the person is a licensed health care provider in this State or another state and meets the following criteria:

(1) If the party against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:

a. Specialize in the same specialty as the party against whom or on whose behalf the testimony is offered; or

b. Specialize in a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients.

N.C. Gen. Stat. § 8C-1, Rule 702(b) (2005).

As stated in Rule 702(b), the appropriate standard of health care is defined in N.C. Gen. Stat. § 90-21.12 (2005), which provides in pertinent part:

In any action for damages for personal injury or death arising out of the furnishing or the failure to furnish professional services in the performance of medical, dental, or other health care,

ROUSH v. KENNON

[188 N.C. App. 570 (2008)]

the defendant shall not be liable for the payment of damages unless the trier of the facts is satisfied by the greater weight of the evidence that the care of such health care provider was not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged act giving rise to the cause of action.

*Id.* "Because questions regarding the standard of care for health care professionals ordinarily require highly specialized knowledge, the plaintiff must establish the relevant standard of care through expert testimony." *Smith v. Whitmer*, 159 N.C. App. 192, 195, 582 S.E.2d 669, 671 (2003); *see Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 625, 504 S.E.2d 102, 108 (1998); *see also* N.C. Gen. Stat. § 8C-1, Rule 702(a) (2005). For such testimony to be admitted, the testifying expert must be a practitioner in the particular field of practice of the defendant or equally familiar and competent to testify as to that limited field of practice. *Smith*, 159 N.C. App. at 195, 582 S.E.2d at 672.

It is not required that the witness testifying as to the applicable standard of care has actually practiced in the same community as the defendant. *Id.*; *see Warren v. Canal Industries*, 61 N.C. App. 211, 215-16, 300 S.E.2d 557, 560 (1983). However, "the witness must demonstrate that he is familiar with the standard of care in the community where the injury occurred, or the standard of care of similar communities." *Smith*, 159 N.C. App. at 196, 582 S.E.2d at 672.

In the case *sub judice*, defendants argue that the expert witness, Dr. Tuzman, proffered by plaintiff, is not, and could not be expected to be, a suitable expert witness to testify as to the standard for medical care as required by North Carolina Rule of Civil Procedure 9(j) and North Carolina Rule of Evidence 702. Specifically, defendants contend: (1) as a general dentist, Dr. Tuzman was not competent to testify with respect to the standard of care applicable to Dr. Kennon, a specialist; and (2) Dr. Tuzman was not qualified to offer standard of care opinions because he had no familiarity with Charlotte, North Carolina. Upon review of the record, we disagree with defendants' arguments.

[1] With regard to defendants' first contention, we hold that the record contains competent evidence sufficient to qualify Dr. Tuzman as a standard of care witness. The record indicates that Dr. Kennon is a specialist in the field of oral and maxillofacial surgery, while plaintiff's witness, Dr. Tuzman, practices general dentistry. However, to be

certified under Rule 702, it is not necessary that a standard of care witness specialize in the same area of practice as the medical specialist against whom the claim is being brought. *See* N.C. Gen. Stat. § 8C-1, Rule 702(b). Rather, Rule 702(b)(1)(b) of the North Carolina Rules of Evidence provides that a person may give expert testimony with regard to the standard of medical care if that person specializes "in a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and [has] prior experience treating similar patients." N.C. Gen. Stat. § 8C-1, Rule 702(b)(1)(b).

In the instant case, both Dr. Tuzman and Dr. Kennon are licensed dentists, both received degrees as Doctors of Dental Surgery, and both are licensed to perform oral surgery. Further, both Dr. Tuzman and Dr. Kennon, in the course of their practice, performed the surgical extraction of molars. Thus, Dr. Tuzman fulfills the "performance of the procedure" and "prior experience" requirements put forward by Rule 702(b)(1)(b). The question before this Court is whether Dr. Tuzman is properly considered a specialist under the rule. We have previously held that "a doctor who is either board certified in a specialty or who holds himself out to be a specialist or limits his practice to a specific field of medicine is properly deemed a 'specialist' for purposes of Rule 702." *FormyDuval v. Bunn*, 138 N.C. App. 381, 388, 530 S.E.2d 96, 101, *disc. review denied*, 353 N.C. 262, 546 S.E.2d 93 (2000). We must also note that "our legislature intended the term 'specialist' to include a broader category of physicians than those who are board certified." *Sweatt v. Wong*, 145 N.C. App. 33, 37, 549 S.E.2d 222, 224 (2001).

Upon review of the record, we conclude that Dr. Tuzman does practice in a similar specialty to Dr. Kennon for the purposes of Rule 702(b)(1)(b). It is undisputed that Dr. Tuzman, at the time plaintiff's claim arose, was practicing dentistry which included oral surgery. A further review of the record also indicates that Dr. Tuzman possessed significant experience in the field of oral surgery. After finishing dental school, Dr. Tuzman participated in an oral surgery program held by the Army Dental Corps. As a participant in this program, Dr. Tuzman worked under Major Ossavado, a maxillofacial surgeon. Subsequent to his tenure in the Army, Dr. Tuzman entered private practice, performing significant work in oral surgery. In addition, testimony provided by Dr. Tuzman indicates that although no special training is required for a dentist to practice oral surgery, it is in the discretion of the dentist as to whether he has sufficient knowledge,

experience, and training to perform such procedures. Thus, there is a clear difference between a general dentist, and one who chooses to also practice oral surgery. Given his training, experience, and the fact that he chose to perform oral surgery in addition to other general dentistry work, we hold that Dr. Tuzman is a general dentist who specializes in the practice of oral surgery, including the extraction of molars. *See Edwards v. Wall*, 142 N.C. App. 111, 118, 542 S.E.2d 258, 264 (2001) (holding that a physician who specialized in pediatric gastroenterology was also properly considered a pediatrician because he served in the dual roles of gastroenterologist and primary pediatrician for a significant number of his patients). Therefore, we hold Dr. Tuzman is a specialist and is qualified to testify as to the appropriate standard of medical care as required under Rule 702 of the North Carolina Rules of Evidence and Rule 9(j) of the North Carolina Rules of Civil Procedure.

[2] With regard to defendants' second contention, we hold that Dr. Tuzman was qualified to offer an opinion as to the proper standard of care for the metropolitan area of Charlotte, North Carolina. Specifically, defendants argue Dr. Tuzman is not qualified as an expert witness, because in a deposition prior to trial, Dr. Tuzman testified that he had never been to Charlotte, knew nothing about the dental community in Charlotte, and believed in the existence of a national standard of care for all dentists. However, the record on appeal indicates that subsequent to his deposition, Dr. Tuzman sought to supplement his understanding of the applicable standard of care in the Charlotte metropolitan area by reviewing, *inter alia*, the demographic data for the Charlotte metropolitan area, the Dental Rules of the North Carolina State Board of Dental Examiners, and the deposition of Dr. Kennon regarding the procedures, techniques, and implements which he used while performing a molar extraction on plaintiff. After reviewing these sources, Dr. Tuzman was able to conclude that the standard of care for Atlanta, Georgia (in which he practiced), was the same standard of care that applied to the similar community of Charlotte, North Carolina. The fact that Dr. Tuzman previously testified that he believed in a national standard of care does not invalidate this conclusion. *See Cox v. Steffes*, 161 N.C. App. 237, 245, 587 S.E.2d 908, 913-14 (2003), *disc. review denied*, 358 N.C. 233, 595 S.E.2d 148 (2004) (rejecting the argument that testimony regarding a nationwide standard is always insufficient under N.C. Gen. Stat. § 90-21.12). Thus, we find that Dr. Tuzman possessed sufficient familiarity with Charlotte and the practice of dentistry therein to testify as to the appropriate standard of care as required by N.C.

Gen. Stat. § 90-21.12. *See Coffman v. Roberson*, 153 N.C. App. 618, 624-25, 571 S.E.2d 255, 259 (2002), *disc. review denied*, 356 N.C. 668, 577 S.E.2d 111 (2003) (holding that a doctor's testimony regarding the standard of care was sufficient when the doctor testified generally that he was familiar with the standard of care in similar communities and that he based his opinion on internet research regarding the hospital, and that he knew the hospital was a sophisticated, training hospital).

For the aforementioned reasons, we hold the trial court erred in striking plaintiff's witness, Dr. Tuzman, and subsequently dismissing plaintiff's claim. We therefore reverse the order of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges CALABRIA and STEPHENS concur.