An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-548

Filed 18 March 2026

Wake County, No. 22CVS007608-910

ALEXANDRA BULLOCK, A MINOR BY AND THROUGH GUARDIAN AD LITEM TASHA BULLOCK, AND TASHA BULLOCK, Plaintiffs,

v.

DOUGLAS HOLMES, M.D., ENT & AUDIOLOGY ASSOCIATES, PLLC, Defendants.

Appeal by plaintiffs from summary judgment entered 7 October 2024 by Judge William R. Pittman in Wake County Superior Court. Heard in the Court of Appeals 13 January 2025.

> *Anglin Law Firm, PLLC, by Christopher J. Anglin, for plaintiffs-appellants.*

> *Hall Booth Smith, P.C., by Elizabeth P. McCullough and Noelle Kathleen Demeny, for defendants-appellees.*

GORE, Judge.

Plaintiffs Alexandra Bullock and Tasha Bullock appeal of right, pursuant to N.C.G.S. § 7A-27(b), the order precluding their expert testimony and granting summary judgment in favor of defendants. Upon reviewing the briefs and the record, we affirm.

**I.**

On 28 September 2017, the minor child, Alexandra, arrived at an outpatient surgery center ("BRSC") in Raleigh, Wake County, North Carolina, to undergo an upper lip frenuloplasty, an operation to cut the tissue connecting the upper lip to the gums, by Dr. Douglas Holmes. Tasha, Alexandra's mother, consented to the surgery. However, Dr. Holmes ultimately performed a lingual frenuloplasty, a procedure in which the doctor cuts the tissue connecting the tongue to the underside of the mouth, instead of the upper lip frenuloplasty. After the procedure, Dr. Holmes and the staff at the surgery center became aware they performed the wrong surgery and performed the correct surgery. Alexandra developed a speech impediment and psychological issues because of the incorrect procedure.

Plaintiffs filed a complaint against Dr. Holmes and ENT & Audiology Associates, PLLC in 2020. Plaintiffs took a voluntary dismissal without prejudice and reinstated their action in June 2022. The parties engaged in discovery and defendants deposed plaintiffs' sole expert witness for the standard of care, Dr. Craig Derkay, in August 2024. Dr. Derkay testified to the standard of care for an ENT doctor and opined that Dr. Holmes breached the standard of care.

After Dr. Derkay's deposition, defendants moved to dismiss, moved to preclude expert testimony and moved for summary judgment. Defendants argued Dr. Derkay should be precluded from testifying to the applicable standard of care. Further, if Dr. Derkay was precluded from testifying, defendants argued they were entitled to

summary judgment. On 3 October 2024, the trial court heard arguments for the motions, concluded Dr. Derkay was not competent to testify to the applicable standard of care, and granted the motion to preclude the expert witness. As a result, the trial court granted summary judgment in favor of defendants. Plaintiffs timely appealed the final order.

## II.

Plaintiffs seek review of the following issues: (1) whether the trial court improperly granted defendants' motion to preclude the expert testimony of Dr. Derkay; and (2) whether the trial court improperly granted summary judgment in favor of defendants. Plaintiffs argue the proper standard of review for the first issue is de novo, whereas defendants argue the proper standard of review is abuse of discretion. Both parties recognize the proper standard of review for summary judgment is de novo.

We first address the proper standard of review for plaintiffs' initial argument surrounding the preclusion of expert testimony pursuant to Rule 9(j) and N.C.G.S. § 90-21.12. The present issue is similar to the question posed in *Crocker v. Roethling*. 363 N.C. 140, 143 (2009). We will apply the standard of review as set out in *Crocker*:

> Ordinarily, we review the decision to exclude or admit expert testimony for an abuse of discretion. This Court has uniformly held that the competency of a witness to testify as an expert is a question primarily addressed to the court, and his discretion is ordinarily conclusive, that is, unless there be no evidence to support the finding, or unless the judge abuses his discretion. However, here, the pertinent

> inquiry is whether the trial court properly applied the statutory requirements of N.C.G.S. § 90–21.12 and the Rules of Evidence in considering [Dr. Derkay's] opinions at this stage of the proceedings.

*Crocker*, 363 N.C. at 143. "When the pertinent inquiry on appeal is based on a question of law—such as whether the trial court properly interpreted and applied the language of a statute—we conduct de novo review." *Miller v. Carolina Coast Emergency Physicians, LLC*, 382 N.C. 91, 104 (2022) (cleaned up). Accordingly, in the present case, we review de novo whether the trial court properly precluded expert testimony pursuant to section 90-21.12.

Plaintiffs argue the trial court failed to apply the correct legal standard when determining whether Dr. Derkay could testify as the sole expert witness for the standard of care element of their medical malpractice claim. Plaintiffs argue Dr. Derkay met the requirements of Rule 9(j). According to plaintiffs, there are instances that allow an expert witness to testify in a medical malpractice lawsuit when they apply a national standard as opposed to knowledge of the defendant's community or a similarly situated community. Conversely, defendants argue plaintiffs did not comply with Rule 9(j), and more specifically, section 90-21.12 to establish Dr. Derkay as competent to testify to the standard of care element.

The only element challenged in this medical malpractice action is whether plaintiffs provided evidence of the relevant standard of care. *See Smith v. Whitmer*, 159 N.C. App. 192, 195 (2003). Rule 9(j) provides the requirements for alleging a

medical malpractice action and specifies parties must adhere to section 90-21.12 to show failure to comply with the applicable standard of care. N.C.R. Civ. P. 9(j). "Section 90-21.12 of the North Carolina General Statutes prescribes the appropriate standard of care in a medical malpractice action." *Smith*, 159 N.C. App. at 195.

> In the case of a medical malpractice action, the defendant health care provider shall not be liable for the payment of damages unless the trier of fact finds by the greater weight of the evidence that the action or inaction of such health care provider was not in accordance *with the standards of practice among similar health care providers situated in the same or similar communities under the same or similar circumstances* at the time of the alleged act giving rise to the cause of action.

N.C.G.S. § 90-21.12 (2024) (emphasis added) (cleaned up).

Because medical procedures require "highly specialized knowledge, the plaintiff must establish the relevant standard of care through expert testimony." *Smith*, 159 N.C. App. at 195. "In order to establish the relevant standard of care for a medical malpractice action, an expert witness must demonstrate that he is familiar with the standard of care in the community where the injury occurred, or the standard of care in similar communities." *Purvis v. Moses H. Cone Mem'l Hosp. Serv. Corp.*, 175 N.C. App. 474, 478 (2006) (cleaned up). To determine whether the expert has this familiarity the trial court "should consider whether an expert is familiar with a community that is similar to a defendant's community in regard to physician skill and training, facilities, equipment, funding, and also the physical and financial environment of a particular medical community." *Pitts v. Nash Day Hosp., Inc.*, 167

N.C. App. 194, 197 (2004), *aff'd*, 359 N.C. 626 (2005).

Plaintiffs rely upon *Marley v. Graper*, *Haney v. Alexander*, *Page v. Hospital*, and *Wiggins v. Piver*, to prove prior precedent allows expert testimony based upon a national standard of care in certain situations. *Wiggins*, 276 N.C. 134 (1970); *Marley*, 135 N.C. App. 423 (1999); *Haney*, 71 N.C. App. 731 (1984); *Page*, 49 N.C. App. 533 (1980). Yet our review of these cases distinguishes them from the present case and does not allow an alternative route around the statutory mandate in section 90-21.12. In *Marley*, while the expert did not demonstrate familiarity with the defendant's community standard of care, he determined that the defendant met the "highest standard of care found anywhere in the United States." 135 N.C. App. at 430. This Court explained that the expert's opinion necessarily met section 90-21.12's requirements because "if the standard of care for Greensboro matched the highest standard in the country, [the defendant's] treatment . . . met that standard; if the standard . . . in Greensboro was lower, [the defendant's] treatment . . . exceeded the area standard." *Id.*

In *Haney*, although this Court alluded to a national standard of care, the two experts demonstrated knowledge of communities like the defendant's community, knowledge of the facility's accreditation, and had knowledge of the experience and training of nurses at the defendant's facility that were comparable to nurses at the facility in which the experts regularly worked. 71 N.C. App. at 735–36. In *Page*, this Court determined the expert had knowledge of the standard of hospitals in adjoining

and nearby communities that were "similar communities" to the defendant's community. 49 N.C. App. at 535–36 (1980). This Court also stated in *Page* that "it was the intent of the General Assembly to avoid the adoption of a national or regional standard of care for health providers." *Id.* at 535.

Our Supreme Court decided *Wiggins* in 1970 prior to the enactment of section 90-21.12 in 1975. Subsequent case law from our Supreme Court has applied the statutory requirements from section 90-21.12—that the expert demonstrate familiarity with the defendant's medical community or with a community similarly situated to the defendant's community. *See Miller*, 382 N.C. at 105; *Crocker*, 363 N.C. at 142, 144–45. Accordingly, in the present case, we consider whether plaintiffs' sole expert testimony for the standard of care complied with the statutory requirements of section 90-21.12.

In the present case, plaintiffs' expert testimony did not satisfy the requirements of section 90-21.12. Dr. Derkay lacked knowledge of the defendants' practice, the community where the surgery took place, the medical resources in the community, and the standard of care in Wake County or at BRSC during the relevant time period. Nor did Dr. Derkay testify to the standard of care in a comparable community to Wake County. Unlike in *Crocker*, in which the expert submitted an affidavit prior to the summary judgment hearing that demonstrated he had knowledge of the defendant's community or a community that was similarly situated in compliance with section 90-21.12, 363 N.C. at 145, in the present case, plaintiffs'

sole expert failed to comply with section 90-21.12. Therefore, the trial court properly precluded plaintiffs' expert testimony for the relevant standard of care.

Having determined the trial court properly precluded plaintiff's expert testimony, we also conclude the trial court properly granted summary judgment in favor of defendants. Summary judgment is proper in a medical malpractice action "where the plaintiff fails to produce sufficient evidence of the applicable standard of care, of a breach of that standard of care, and that the damages suffered were proximately caused by the defendant doctor." *Weatherford v. Glassman*, 129 N.C. App. 618, 621–22 (1998) (cleaned up). Because the plaintiffs' expert provided the sole testimony for the applicable standard of care, plaintiffs failed to produce sufficient evidence to support an essential element of their medical malpractice claim. Therefore, the trial court properly granted summary judgment in favor of defendants.

## III.

For the foregoing reasons, the trial court properly granted the motion to preclude plaintiff's expert testimony; and consequently, it properly granted summary judgment in favor of defendants.


AFFIRMED.

Judges STROUD and FLOOD concur.

Report per Rule 30(e).